STATE BOARD OF FUNERAL DIRECTORS AND EMBALMERS FOR FLORIDA, *et al.,* v. RALPH G. COOKSEY.

3 So. (2nd) 502

En Banc

Opinion Filed May 30, 1941—(*See Page 337*)

ON PETITION FOR REHEARING

Opinion Filed July 18, 1941

*Hull, Landis & Whitehair, Francis P. Whitehair* and *John L. Graham,* for Appellants;

*M. Lewis Hall, William Kaleel, B. M. Skelton* and *Tyrus A. Norwood,* for Appellee.

ON PETITION FOR REHEARING

PER CURIAM.—Upon consideration of petition for rehearing it appears to us that the last two paragraphs of our opinion and judgment of May 30, 1941, should be modified to read as follows, to-wit: There are statements in the order of the chancellor which indicate that he may have been influenced somewhat by the view that the order of the Board should have been a suspension rather than a revocation of the license; but the circuit court did not enter a judgment of suspension in lieu of the order of revocation made by the board.

Our conclusion is that the judgment of the circuit court on the record should have been one sustaining the revocation of the license of the appellant because the record clearly sustains the charge "That the said Ralph G. Cooksey violated Section 10, paragraph numbered 2, sub-paragraph (g) of Chapter 17950, Laws of Florida, Acts of 1937, in that the said Ralph G. Cooksey shipped and delivered a certain casket containing the body of one Marion Bailey, deceased, to affiant with intent to deceive Nathan A. Tucker, the purchaser thereof, which said casket did not conform to the sample submitted and the representations made prior to securing the order therefor from the said Nathan A. Tucker by the said Ralph G. Cooksey."

It appears to us from the record that the appeal from the order of the board to the circuit court was in conformity with the provisions of Chapter 17950, *supra,* which is consistent with Section 11, Article V, of the Constitution. When the transcript was filed in

the circuit court, as required by the statute, the cause then became a judicial proceeding in the circuit court, a judgment in which is reviewable by appeal to the Supreme Court. See Southern Atlantic Steamship Co. v. Tutson, *et al.,* 139 Fla. 405, 190 Sou. 675, particularly headnotes numbers 7 to 12, inclusive.

Trial *de novo* in the circuit court is not authorized by law.

The circuit court is required by the statute, *supra,* to try and determine the case only on the record made before the commission and to enter such judgment as the record warrants.

We have reviewed the judgment of the circuit court under our appellate jurisdiction and have reached the conclusion that the order of the chancellor was clearly erroneous and should be reversed with directions that the order of the State Board of Funeral Directors and Embalmers of Florida be affirmed.

Petition for rehearing denied.

It is so ordered.

WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., concurs in conclusion.