SHANNON, Acting Chief Judge.
This suit has been instituted against certain defendants, including Defendant Warren and his wife, and certain of their grantees, because of certain transactions between the appellant municipality and Warren, both prior to and during the period in which he served as appellant’s city attorney. The purpose of the suit is to obtain specific performance of a repurchase option reserved by appellant in a deed to Warren before he became city attorney, to set aside certain transactions between the City and Warren which allegedly took place while he was city attorney, to obtain an accounting from him, to quiet title to real estate and for general equitable relief. In answer to an amended complaint Defendant Warren filed an amendment to written defenses of more than forty pages. The lower court denied plaintiff’s motion to strike Warren’s forty-fifth defense and plaintiff filed this interlocutory appeal.
The chancellor’s order denying plaintiff’s motion to strike contains the following: “ * * * and when considered as true and uncontradicted these facts lead to the conclusion that subject case was not brought in good faith but was brought with vengeance for the purpose of embarrasing the defendant Walter Warren and for selfish and ulterior purposes as alleged in the aforesaid pleadings. Losey v. State (1947), 158 Fla. 381, 28 So.2d 604.” And “ * * * the City of Leesburg must have known of its rights and must have known that the City recently purchased from one of its own commissioners real property of considerable value but has declined to exercise its legal rights in that case as it is attempting to in this case. These facts taken as uncon-tradicted and as true as the Law requires *548 this Court to do for the sake of this motion, sustains the written defense of said defendants that this action is not brought in good faith and that the plaintiff does not come into equity with clean hands.”
Two questions are posed on this interlocutory appeal: 1) Are the alleged purposes or motives of the officials of the City of Leesburg in filing this suit relevant or otherwise proper for consideration ? And 2) Is a failure to sue another city official to set aside a transaction with him a proper defense to this action ?
In essence, the chancellor, by denying appellant’s motion to strike, has found that if the motives of the city officials are selfish or ulteriox, they can defeat an otherwise valid cause of action in a suit on behalf of the municipality. In challenging the soundness of this finding the appellant cites the case of Brooker v. Smith, Fla.App.1959, 108 So.2d 790. The Brooker case was a taxpayer’s suit which sought to compel the mayor to account for certain sums he received contrary to law. The mayor raised the defense that the sole purpose of the suit was to defeat him in his attempt to obtain re-election as mayor. In the opinion by this court, Judge Allen stated:
“The ‘clean hands’ maxim is a cornerstone of equity jurisprudence, since equity is a ‘court of conscience.’ The maxim finds a counterpart in the criminal law in the defense of entrapment; ‘it demands fair dealing in all who seek relief, and requires decency, good faith, fairness and justice.’ 12 Fla.Jur., Equity, § 54.
“There is at least one, generally recognized exception to the ‘clean hands’ maxim; that is, the motives of the plaintiff in bringing a taxpayer’s suit are immaterial. 18 McQuillan, Municipal Corporations, § 52.11 (3d Ed.1950). This rule is not without limitations, but we conclude that such limitations have no application in the present suit. Also, the rule has been recognized by the Florida Supreme Court, though not in taxpayer’s suits as such. See Valdez v. State ex rel. Farrior, 1940, 142 Fla. 123, 194 So. 388; Losey v. State ex rel. Giblin, 1947, 158 Fla. 381, 28 So.2d 604.
******
“We conclude that the ‘unclean hands’ maxim has no application in the present suit and that the chancellor erred in permitting defendant to plead the maxim as a defense herein. We shall not on the one hand recognize the above mentioned improprieties committed by defendant, and on the other hand tell plaintiff he may not, as a taxpayer, seek to recover the public funds involved because he also sought to defeat defendant at the polls. We do not sec that the fact that such defeat was uppermost in plaintiff’s mind at the time he filed this suit, which has now been pending nearly a year and has been appealed to this court twice, materially affects his right, as a taxpayer, to initiate and maintain the suit.”
The chancellor cites the Losey case; however, we fail to see the relevancy of it to the case at bar. The Losey case was an injunction suit brought by a relator under Secs. 64.11 and 64.13, Fla.Stat.1941, F.S.A., seeking to enjoin the operation of a gambling house. The chancellor found that the person bringing the suit represented another gambling house and had brought the action to put his competitor out of business. The Supreme Court ruled that the complaint should have been dismissed, but said that such dismissal would not bar the prosecution of an action against the defendants by Dade County’s prosecutors. In the present case Mr. Warren contends that the ulterior motives of the city officials will bar an otherwise valid cause of action against him on behalf of the City of Leesburg.
In Board of Com’rs of Borough of Vineland v. Maretti, 93 N.J.Eq. 513, 117 A. 483, *549 where a suit was brought by a municipal corporation against its former city clerk, the clerk raised defenses in his answer similar to those in the present case. The court rejected these as proper defenses and ordered them stricken, stating in part:
“The averments of political activity and chicanery certainly have no bearing upon the merits of the case sub judice, and are therefore impertinent; they are scandalous also because they are reproachful to the officers of the complainant whose conduct is denounced by the defendant.
******
“ * * * On the face of the bill, the complainant has a cause of action, and, if the commissioners individually were the complainants, their motives could not be thus challenged. But the commissioners are not the complainants. The complainant is the corporate entity known as the borough of Vineland, and certainly no bad motives can be imputed to it. * * * ”
What we have said in reference to the motives of the city officials is equally applicable to the defendant’s attempt to set up as a defense the City’s failure to sue a city official to set aside an identical transaction with him. It is not alleged that this transaction is connected in any way with the transaction between Warren and the City. For no other reason than this, the answer should have been stricken.
As stated in 22 C.J.S., Criminal Law, § 53:
“The fact that third persons have also violated the law without being prosecuted therefor is no excuse for a violation by accused; and it is immaterial that law enforcement officers showed partiality or prejudice in proceeding against accused rather than against other violators. Moreover, the fact that certain defendants may escape conviction for their crimes is no legal or logical reason why another defendant should be exonerated and permitted to escape punishment.”
This rule is followed in Florida. See Creash v. State, 1938, 131 Fla. 111, 179 So. 149; and Wendler v. State, 1937, 128 Fla. 618, 175 So. 255. Although the present case is civil we think that the logic of this rule of criminal law is applicable to these facts.
The city officials are bringing this suit on behalf of the citizens of Leesburg, who are the real parties in interest. If the City has a valid cause of action, the ulterior motives of the city officials are irrelevant. These motives cannot be imputed to the City when it is seeking to have a public right enforced by the courts. For the reasons set forth above we feel that the chancellor erred in overruling the plaintiff’s motion to strike the amendment to the written defenses mentioned herein.
Reversed.,
WHITE and ANDREWS, TT., concur.