CARLTON, Justice.
The issue here is the constitutionality of Fla.Stat. § 470.12(2) (d) and (i), F.S.A., relating to the revocation of a funeral director license when the licensee has engaged unauthorized persons for the purpose of soliciting business. The Circuit Court, Palm Beach County, held that these statutory provisions were unconstitutional under unspecified portions of the State and Federal Constitutions. We reverse and remand for further proceedings.
In April 1968, the appellant State Board filed a complaint against appellee National Chapels, Inc., alleging that National had violated Fla.Stat. § 470.12(4) (a) or (c), and also § 470.12(2) (d) and (i), F.S.A., by retaining numerous unlicensed persons to solicit business and perform functions reserved to licensed funeral directors and apprentices under Chapter 470, Florida Statutes. The purpose of the action was to obtain a revocation of National’s license.
National responded with these affirmative defenses: (1) that § 470.12(2) *678 (d) and (i) violated the 5th and 14th Amendments to the United States Constitution, and also Section 1, Declaration of Rights, Florida Constitution (1885), F.S.A.; (2) that its right to secure and solicit business was a property right which could not be encroached upon by statutes having no substantial relation to the public health, safety, morals or welfare; (3) that enforcement of these provisions would constitute a taking of property without due process; and (4) that its constitutional rights were further violated by the statutory designation of the business involved as a profession, thus denying to National courses of action available to other businesses generally. National also instituted a counterclaim in which these defenses were reiterated by way of complaint; additionally, the counterclaim asserted that since National’s charter was granted prior to passage of Chapter 470, its right of contract could not be impaired by legislation under that Chapter.
Following a hearing on National’s Motion to Dismiss the Complaint, and. the State Board’s Motion to Dismiss the Counterclaim, the Circuit Court entered an Order, presented here in part:
“An examination of decisions concerning solicitation indicates the numerous statutes prohibiting such practice by funeral directors have been enacted primarily to protect grief-stricken and emotional survivors from active solicitation of dead bodies.
“Had the Florida Statutes limited its application to preventing such a practice, the Court could find, under the police power, the legislature acted properly and consistent with the health, safety and general welfare sought to be protected. However, the sections in question are so broad as to prohibit all solicitation and the payment of money to any person to secure business. Section 470.12(d) (sic) would prevent the payment of compensation to any employee of a licensee who met the public and thereby played a part in securing business. Enforcement of Section 470.12(i) (sic) would prohibit all advertising.
“ORDERED AND ADJUDGED as follows:
“1. The Defendant’s Motion to Dismiss is granted for failure of Plaintiff to state a cause of action. The statutory provisions upon which the Complaint is based contravene the Constitution of the United States and the Constitution of the State of Florida.”
In a subsequent Order, the Court granted National’s Motion for Summary Judgment on its Counterclaim with a simple declaration that § 470.12(2) (d) and (i) contravened the State and Federal Constitutions.
The Circuit Court was in error when it entered these Orders. In State Board of Funeral Directors & Embalmers for Florida v. Cooksey, 147 Fla. 337, 3 So.2d 502 (1941), we held that the funeral directing business was sufficiently involved with the public interest to justify legislative regulation.[1] We adhere to this position today. The legislature has a valid interest in safeguarding against the undue commercialization and exploitation of death and its various trappings. We find no constitutional offense in legislation specifically requiring that this activity be handled exclusively by those who are licensed and regulated for this purpose. Nor do we think that this interest is limited to the protection of “grief-stricken and emotional survivors from active solicitation of dead bodies.” We find all of the constitutional objections raised by National to be without merit.
Moreover, it is difficult to perceive ^e drastic consequences of § 470.12(2) (d) and (i) which have been suggested by the Circuit Court. It has been said that Subsection (i) would prohibit all advertising, *679 yet we find that § 470.12(2) (j) permits advertising so long as it is not misleading. It has also been said that Subsection (d) would prevent payment of compensation to any employee that met with the public. This is an unreasonable construction; employees are free to engage in the tasks which are assigned to them, so long as they refrain from performing activities reserved for licensed directors, and their apprentices.[2]
The Orders appealed from are reversed, and this cause is remanded to the Circuit Court for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, C. J., and ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.

. Opinion modified on other grounds and rehearing denied, 147 Fla. 788, 3 So.2d 508; adhered to on rehearing, 148 Fla. 271, 4 So.2d 253 (1941).

. See State Board of Funeral Directors & Embalmers for Florida v. Cooksey, 155 Fla. 701, 21 So.2d 542 (1945) for an enumeration of functions which may not be performed by unlicensed personnel.