308 So.2d 606 (1975)
The TELOPHASE SOCIETY OF FLORIDA, INC., a Florida Corporation, et al., Appellants,
v.
STATE BOARD OF FUNERAL DIRECTORS AND EMBALMERS, an Agency of the State of Florida, Appellee.
No. 74-612.
District Court of Appeal of Florida, Second District.
February 5, 1975.
Rehearing Denied March 20, 1975.
*607 Michael L. Hastings of Parker, Battaglia, Parker, Ross & Stolba, and William H. Fleece of Fleece, Rhoades & Werly, St. Petersburg, for appellants.
Robert L. Shevin, Atty. Gen., and James Whisenand, Asst. Atty. Gen., Tallahassee, for appellee.
McNULTY, Chief Judge.
Appellants' interlocutory appeal is from an order granting partial summary judgment *608 enjoining the appellants, not licensed as funeral directors, from providing and maintaining a place for preparation of dead human bodies, from preparing dead human bodies for cremation by means other than embalming, and from disposing of dead human bodies by cremation. This action was instituted by the appellee, State Board of Funeral Directors and Embalmers, a state regulatory agency, and the injunction appealed from was based upon the trial court's review of the pleadings, affidavits, depositions and admissions resulting in findings that appellants' activities fell within the scope of "funeral directing" as defined in § 470.01(3), F.S. 1974.
While appellants acknowledge that their activities consist of storing dead human bodies in boxes, refrigeration of these bodies and removal thereof to retorts for cremation and disposition of the ashes of such bodies, they contend such activities do not constitute funeral directing within the purview of § 470.01(3), supra, which provides in material part as follows:
"The term `funeral directing,' as used in this chapter, shall be construed to mean the profession of directing or supervising funerals for profit, or the profession of preparing dead human bodies for burial or cremation by means other than embalming, or the disposition or shipping of dead human bodies, or the provision or maintenance of a place for the preparation of dead human bodies."
Appellants initially contend that to be engaged in "funeral directing" it is necessary to engage in activities within the scope of each of the four categories enumerated in the definition thereof in this section. The trial court in holding to the contrary concluded that such categories must be considered disjunctively. We agree.
It is fundamental that a statute should be construed so that the plain intent of the legislature is given effect.[1] Obviously, it was the legislative intent that such activities be regulated by Ch. 470, F.S. 1974. The statute is written with each category separated by the word "or" and we assume the statutory language was chosen with regard to its grammatical propriety. Considering the subject matter and clear purpose of the statute, therefore, we decline to hold in this instance that "or" should or can be read as "and." The statute makes any of the enumerated activities subject to the regulatory provisions of Ch. 470, supra.
Notwithstanding its correct interpretation of the statute as aforesaid, however, in entering the partial summary judgment the trial court reserved ruling on the questions of whether or not the appellants were directing or supervising funerals for profit or disposing of or shipping dead human bodies in violation of Ch. 470, supra. This reservation, we think, was superfluous because once the trial court properly determined that appellants prepared human bodies for cremation by means other than embalming and disposed of dead human bodies, it became unnecessary to determine the existence or extent of other proscribed activities. A finding that their activities to the extent indeed found were within the scope of any one of the enumerated activities in § 470.01(3), supra, alone justified issuance of the injunction.
Appellants next contend that since they raise certain constitutional issues, which were not expressly ruled upon by the trial court, it was premature to enter the partial summary judgment enjoining appellants' activities. We note that these issues relate to affirmative defenses and were based on alleged unconstitutional application of the statute. The fundamental validity of the statute is not assailed. Essentially, appellants argue: (1) that since others such as hospital orderlies, personnel of morgues and medical students engage in the same activities herein complained of as against appellants, appellants are denied equal protection; (2) that they are being *609 wrongfully denied the right to practice a profession, there being no overriding public purpose to be served by enjoining the activities complained of; and (3) that application of the law as to them impairs their contractual right. Obviously, while not expressly ruling on these constitutional issues, it must be held under the doctrine of "inherency"[2] that the trial judge necessarily rejected these arguments by entering the injunction. In doing so we think she was correct. But even if it be said that the trial court did not so impliedly reject them, the points are clearly raised here and the record is sufficiently complete so that we can directly pass upon these contentions. We expressly reject them all.
To begin with, those persons in the other vocations alluded to by appellants are subjected to various other regulatory provisions and discipline under the law. But even assuming that they were not otherwise regulated, selective enforcement of the statute before us against appellants does not constitute an unconstitutional application thereof as to them.[3]
Secondly, as to appellants' next constitutional argument, we cannot agree that the activities complained of are not amenable to regulation because of an overriding public interest. The profession of funeral directing vitally affects the public health, safety and welfare;[4] and certainly the regulatory measures prescribed by Ch. 470, supra, are within the proper sphere of an exertion of police power in the regulation thereof. So since we have hereinabove held that the activities enjoined herein fall within the scope of activities we here hold properly amenable to such regulation, appellants argument in this respect falls of its own weight.
Finally, there is no merit to appellants' contention that the injunction herein impairs the obligations of its contract. It is well settled that all contracts are entered into subject to the valid exercise of the police power of the state.[5]
In view of all the foregoing, therefore, there being no other points meriting discussion, we affirm the partial summary judgment entered herein; but since it is patent that our opinion and holding this day finally dispose of all issues of fact and law in the case, the cause is remanded with directions that the trial judge enter final judgment consistent with this opinion.
Affirmed and remanded with directions.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] See Pinellas County v. Woolley (Fla.App.2d 1966), 189 So.2d 217.
[2] Cf. Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority (Fla. 1959), 111 So.2d 439.
[3] See City of Leesburg v. Knight (Fla.App.2d 1964), 164 So.2d 547.
[4] See State Board of Funeral Directors and Embalmers v. Cooksey (1941), 147 Fla. 788, 3 So.2d 502.
[5] See 6 Fla.Jur. Constitutional Law § 277; Springer v. Colburn (Fla. 1964), 162 So.2d 513.