334 So.2d 563 (1976)
The TELOPHASE SOCIETY OF FLORIDA, INC., et al., Appellants,
v.
STATE BOARD OF FUNERAL DIRECTORS AND EMBALMERS, Etc., Appellee.
Nos. 47187, 47188.
Supreme Court of Florida.
June 4, 1976.
Rehearing Denied July 29, 1976.
*565 Anthony S. Battaglia and Michael L. Hastings of Battaglia, Parker, Ross, Parker & Stolba, and William H. Fleece of Fleece, Rhoades & Werly, St. Petersburg, for appellants.
Robert L. Shevin, Atty. Gen., and James D. Whisenand and Donald D. Conn, Asst. Attys. Gen., for appellee.
BOYD, Justice.
In this proceeding we are reviewing consolidated appeals from the Second District Court of Appeal, shown at 308 So.2d 606, holding Chapter 470, Florida Statutes, constitutional as applied to Appellants, construing portions of the statute and affirming the trial court's order enjoining Appellants from continuing operation of their cremation services.
Appellants operate a business for the purpose of cremating human remains. Their physical plant consists of a refrigeration room and a cremation furnace. Human bodies are delivered to them by a professional livery service. Once delivered, the bodies are placed in cardboard liners and refrigerated by Appellants for forty-eight hours, the time necessary to gain approval of the Board of Health. During the forty-eight hours Appellants process paper work relating to the cremation, including the Death Certificate, Cremation Request, Cremation Permit, and Social Security and Veteran Benefit Forms. After completion of the paper work and approval by the Board of Health the liners containing the bodies, unembalmed and without cosmetics, are placed in the furnace and reduced to cremains. The cremains are often transferred to urns supplied by Appellants. Occasionally the cremains are scattered over a garden or at sea by Appellants, or they may be given to the family of the deceased and used in a memorial service unconnected with Appellants' business.
The State sought to enjoin Appellants from operating their business because they were engaging in the profession of funeral directing without a license from the State Board of Funeral Directors and Embalmers in violation of Section 470.21, Florida Statutes. Appellants answered the Complaint for Injunction by claiming that their operation did not meet the definition of "funeral directing" as provided in Section 470.01 (3), Florida Statutes:
"The term `funeral directing,' as used in this chapter, shall be construed to mean the profession of directing or supervising funerals for profit, or the profession of preparing dead human bodies for burial or cremation by means other than embalming, or the disposition or shipping of dead human bodies, or the provision or maintenance of a place for the preparation of dead human bodies."
The State moved for summary judgment.
The trial court contrued Section 470.01 (3), Florida Statutes, in the disjunctive, holding the performance of any of the enumerated activities to constitute "funeral directing." Finding that Appellants, without the required lincense: provided and maintained a place for preparation of dead human bodies; prepared dead human bodies for cremation by means other than embalming; and disposed of dead human bodies by cremation. The court entered partial summary judgment and enjoined Appellants from the practice of "funeral directing."
Constitutional issues concerning the "statute-as-applied" were raised, as well as issues of the trial court's construction of Chapter 470, Florida Statutes, by assignments of error, before District Court of Appeal, Second District.
*566 The District Court of Appeal, Second District, found both that the statute was constitutionally applied and that the trial court's construction of the statute was correct. Consequently the court affirmed the order granting partial summary judgment. Since the partial summary judgment fully disposed of the case, the court treated it as a plenary summary judgment and remanded the cause with instruction to enter a final judgment enjoining Appellants' business.
Appellants appealed the District Court's decision to this Court and also petitioned this Court for a writ of certiorari. Certiorari was denied, but appellate jurisdiction was accepted.
Appellants present five issues for our consideration:
1. Whether the application of Chapter 470, Florida Statutes, is an unlawful exercise of the police power constituting a violation of substantive due process as guaranteed by the Fourteenth Amendment.
It is our view that Chapter 470, Florida Statutes, relating to handling, storing, preparing and final disposal of dead human bodies is a constitutional exercise of police power and does not violate substantive due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States. State Board of Funeral Directors and Embalmers v. Cooksey, 147 Fla. 788, 3 So.2d 502 (1941) lists eight areas of public concern which provide a basis for regulation of funeral directing and embalming:
(1) Care of dead human bodies; (2) Embalming; (3) Transportation of dead human bodies; (4) Location of business and its equipment; (5) Sanitation; (6) Danger of infection or contagion from disease; (7) Obtaining required certificates and permits before acting; and (8) Orderly conduct of funerals and burials.
The public health and welfare requires that dead bodies be disposed of in such manner as to prevent spread of disease and other conditions offensive to surviving relatives and friends and the public at large.
"The legislature has a valid interest in safeguarding against the undue commercialization and exploitation of death and its various trappings." State Board of Funeral Directors and Embalmers v. National Chapels, Inc., 249 So.2d 677 (Fla. 1971).
Without the application of Chapter 470, Florida Statutes, to Appellants there would be no governmental sanctions available against Appellants for the most shocking and negligent handling of human corpses. On the contrary, misconduct by a licensed funeral director would likely end his professional career.
It is clear to us that Appellants practice "funeral directing" as defined by Section 470.01(3) and that the Legislature intended that those operating crematories comply with Chapter 470, Florida Statutes.
2. Whether the District Court erred in determining that Section 470.01(3), Florida Statutes, must be construed to read in the disjunctive and that the performance of any of the enumerated activities in Section 470.01(3), Florida Statutes, would place one within the purview of said statute.
The legislative intent is to require that human corpses be handled and disposed of by persons highly skilled in the professional care of human remains. This need increases as population density increases. Informal disposition of human corpses has been common in the past, but is generally unacceptable today. It is the legislative intent that performing any of the enumerated activities in Section 470.01 (3), Florida Statutes, constitutes "funeral directing." The District Court correctly held that Section 470.01(3), Florida Statutes, be construed in the disjunctive. "Or" when used in a statute is generally to be construed in the disjunctive. Pompano *567 Horse Club, Inc. v. State, 93 Fla. 415, 111 So. 801 (1927).
3. Whether the District Court erred in affirming a partial summary judgment and determining that Appellants have prepared dead human bodies for cremation by means other than embalming.
The record shows Appellants prepared dead bodies by means other than embalming. The receiving, refrigerating, storing and cremating dead bodies, with or without embalming, without complying with Chapter 470, Florida Statutes, is a violation of the statute. The District Court of Appeal, Second District, was correct.
4. Whether the District Court erred in affirming a partial summary judgment by concluding that the Appellants disposed of dead human bodies by cremation.
The District Court of Appeal was correct in affirming the trial court's partial summary judgment finding that Appellants were disposing of dead human bodies.
5. Whether Appellants do provide or maintain a place for the preparation of dead human bodies.
The record shows Appellants maintain a building in which dead bodies are received, refrigerated for forty-eight hours and then cremated on the premises, with the cremains delivered to the families or disposed of by scattering.
The District Court of Appeal, Second District, was correct in its finding.
Accordingly, the decision of the District Court of Appeal, Second District, herein reviewed is affirmed.
It is so ordered.
ROBERTS, ADKINS, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, J., dissents with an opinion.
OVERTON, C.J., dissents and concurs with ENGLAND, J.
ENGLAND, Justice (dissenting).
While I fully concur with the majority's conclusion that chapter 470 is a legitimate exercise of the state's police power, I must dissent from its conclusion that petitioners here are subject to that regulatory scheme.
So far as is relevant here, Section 470.21, Florida Statutes (1975), makes it unlawful to engage in the profession of "funeral directing", or to hold oneself out as a "funeral director", without a license. Section 470.08(2) states that no applicant will be licensed as a "funeral director" unless he has all of the qualifications for an "embalmer", as set out in Section 470.08(1). The effect of these provisions is to create a closed trade association for all aspects of the funeral business in Florida, to which only trained embalmers may be admitted.
It is undisputed on the record before us that petitioners do not embalm and have no need to do so. The service they provide the public meets all requirements imposed by the Board of Health, yet it avoids the typical (and more costly) funeral which has become a part of our culture. By requiring petitioners to be licensed, and therefore to hire or be "embalmers", the majority has placed its approval on a purely anti-competitive statute by accepting a superficial appeal to the "police power". Given that petitioners' premises are regularly inspected and approved by various health and sanitation authorities, I am unwilling to say, as the majority has done, that the police power may be invoked to require the employment or presence of an embalmer for the performance of an activity enumerated in Section 470.01(3) which is unrelated to public health concerns.[1]
*568 I prefer to leave some vitality in Article I, Section 2 of the Florida Constitution and the 14th Amendment to the United States Constitution. The right to pursue an occupation which is not within the legitimate range of the police power to prohibit is a "liberty" worth preserving. Arbitrary licensing requirements which preserve a trade or professional monopoly for no discernible public purpose should not be sanctioned by the courts. World Fair Freaks and Attractions, Inc. v. Hodges, 267 So.2d 817 (Fla. 1972); State ex rel. Hosack v. Yocum, 136 Fla. 246, 186 So. 448 (1939); State ex rel. Fulton v. Ives, 123 Fla. 401, 167 So. 394 (1936); Riley v. Sweat, 110 Fla. 362, 149 So. 48 (1933); State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225 (1929). Also see, Carbo, Inc. v. Meiklejohn, 217 So.2d 159, 160 (Fla.App. 1st 1968), cert. denied, 225 So.2d 533 (Fla. 1969).
OVERTON, C.J., concurs.
NOTES
[1] Why should those who supervise funerals for profit or those who ship dead human bodies be embalmers? Since when have priests or rabbis, airlines, ambulances or railroads, been required to be licensed as embalmers? Logically Section 470.01(3) can only be read as cumulative, not in the disjunctive, and when read in that fashion the state's legitimate interests become immediately apparent.