BOARDMAN, Chief Judge.
Appellees/plaintiffs filed suit and prayed for damages and a mandatory injunction to enforce a restrictive covenant on real property in Hillsborough County, Florida. The restrictive covenant provided that:
No chain link fence shall be erected on any lot between the front building line and the street.
Appellants/defendants answered and asserted two affirmative defenses:
1. That said alleged restrictive covenants is an unreasonable, arbitrary, and *52 capricious restriction on Defendants’ free and enjoyable use of their real property. 2. That this action is a violation of Defendants’ civil rights and equal protection under the law in that said alleged covenant is being arbitrarily evoked against Defendants while there are many others with similar fences who are not being litigated against; more specifically, 8347, 8312, 8310 and 8301 Garrison Circle, 8346, 8310 Gatewood Circle, and 8338 Drycreek Drive.
After hearing the trial court ordered both defenses stricken for failure to state a legal defense and granted appellants
ten (10) days within which to file amended affirmative defenses providing, however, that Defendants may not again raise the defense that the action is in violation of Defendants’ Civil Rights based on allegations of ethnic discrimination, but rather, may only raise the defense, at Defendants’ discretion, that similar fences erected in the neighborhood demonstrate a total disregard by the occupants of the subdivision that the covenants have become null and their validity ineffective.
We hold that appellants’ first affirmative defense does state a legal defense and should not have been stricken. Since this court has held that it will not enforce a covenant unless “the restraint is within reasonable bounds” appellants should be afforded an opportunity to plead and prove that the covenant at issue here is not a reasonable restriction on the use of their property. Hagan v. Sabal Palms, Inc., 186 So.2d 302, 309 (Fla. 2d DCA 1966). The question whether this defense includes merely conclusionary or immaterial statements is not before us.
 The fact that appellees have not brought suit against other persons who are in violation of the restrictive covenant does not constitute a defense at law to appellants’ violation of the covenant. See City of Leesburg v. Knight, 164 So.2d 547 (Fla. 2d DCA 1964). See also Telophase Society of Fla., Inc. v. State Board of Funeral Directors & Embalmers, 308 So.2d 606 (Fla. 2d
DCA 1975). The trial court’s ruling that appellants’ second affirmative defense does not state a legal defense was correct, and it was properly stricken. Nevertheless since appellees are seeking equitable relief appellants are permitted to present in their pleadings any matter which is relevant or material to the equities. Petersohn v. Keech, Fla., 39 So.2d 714 (1949); Horne v. Sewell, 118 So.2d 643 (Fla. 1st DCA 1960). The substance of appellants’ second affirmative defense and of the trial court’s order indicates that appellants may have attempted to raise the “clean hands” maxim by alleging that appellees’ motive for bringing the suit was improper. See Brooker v. Smith, 108 So.2d 790 (Fla. 2d DCA 1959). See 27 Am.Jur.2d Equity § 140 (1966). We hold that although appellants failed to adequately allege “clean hands” they should be allowed at least one opportunity to amend to sufficiently state a “clean hands” defense. See National Life Insurance Co. v. Harriott, 268 So.2d 397 (Fla. 2d DCA 1972).
REVERSED in part; AFFIRMED in part; REMANDED for further proceedings consistent with this opinion.
HOBSON and McNULTY, JJ., concur.