Mr. Frank J. Griffith, Jr. County Attorney Brevard County Post Office Box 37 Titusville, Florida 32781-0037
Dear Mr. Griffith:
This is in response to your request for an opinion on substantially the following questions:
 1. DOES s 124.011, F.S. (1984 SUPP.), PERMIT THE BREVARD COUNTY BOARD OF COUNTY COMMISSIONERS TO ADOPT A RESOLUTION DIRECTING THE PLACEMENT OF THE FOLLOWING THREE ALTERNATIVE PROCEDURES FOR THE ELECTION OF COUNTY COMMISSIONERS ON THE SAME BALLOT:
 A. A FIVE-MEMBER BOARD TO BE ELECTED FROM SINGLE-MEMBER DISTRICTS BY ELECTORS RESIDING IN EACH SUCH DISTRICT ONLY.
 B. A SEVEN-MEMBER BOARD WITH FIVE MEMBERS TO BE ELECTED FROM SINGLE-MEMBER DISTRICTS BY ELECTORS RESIDING IN EACH SUCH DISTRICT ONLY AND TWO MEMBERS ELECTED BY ALL ELECTORS WITHIN THE COUNTY AT LARGE.
 C. CONTINUING THE ELECTION OF A FIVE-MEMBER BOARD BY ALL ELECTORS WITHIN THE COUNTY AT LARGE.
 2. IF QUESTION ONE IS IN THE AFFIRMATIVE, WILL IT BE NECESSARY TO HOLD A RUNOFF ELECTION IN THE EVENT THAT NONE OF THE PROPOSITIONS RECEIVES A MAJORITY OF VOTES?
Section 124.011, F.S. (1984 Supp.), was created by s 1 of Ch. 84-224, Laws of Florida, to take effect January 7, 1985, following adoption by the voters of an amendment to s 1, Art. VIII, State Const., in November, 1984. Cf., Ch. 85-80, Laws of Florida, a reviser's bill to make statutory law consistent with the editorial revisions footnoted at the end of Ch. 124, F.S. (1984 Supp.). The title to Ch. 84-224, Laws of Florida, describes it as an act permitting placement on the ballot of "a proposition calling for single-member representation within a five member county commission district, or an increase from a five to seven member commission with five single-member and two at-large commissioners. . . ." (e.s.) As created by Ch. 84-224, supra, and amended by Ch. 85-80, supra, s 124.011 provides the following "[a]lternate procedure for the election of county commissioners to provide for single-member representation."
 (1) County commissioners shall be nominated and elected to office in accordance with the provisions of s. 124.01, or as otherwise provided by law, unless a proposition calling for single-member representation within the county commission districts is submitted to and approved by a majority of the qualified electors voting on such proposition in the manner provided in this section. Such proposition shall provide that:
 (a) Five county commissioners shall reside one in each of five county commission districts, the districts together covering the entire county and as nearly equal in population as practicable; and each commissioner shall be nominated and elected only by the qualified electors who reside in the same county commission district as the commissioner; or
 (b) The board of county commissioners shall be increased from five commissioners to seven commissioners, with five of the seven commissioners residing one in each of five county commission districts, the districts together covering the entire county and as nearly equal in population as practicable, and each commissioner being nominated and elected only by the qualified electors who reside in the same county commission district as the commissioner, and with two of the seven commissioners being nominated and elected at large.
* * *
 (3) A proposition calling for single-member representation within the county commission districts of the county shall be submitted to the electors of the county at any primary, general, or otherwise-called special election, in either manner following:
 (a) The board of county commissioners may adopt a formal resolution directing an election to be held to place the proposition on the ballot.
 (b) The electors of the county may petition to have the proposition placed on the ballot by presenting to the board of county commissioners petitions signed by not less than 10 percent of the duly qualified electors of the county. . . .
* * *
 (9)(a) In a county in which the board of county commissioners is composed of five members, each to be elected from single-member districts, the wording of the proposition on the ballot shall be as follows. . . .
 (b) In a county in which the board of county commissioners is to be increased from five to seven members, with two of the seven members to be elected at large, the wording on the ballot shall be as follows. . . . (e.s.)
The intent of the Legislature as gleaned from the statute is the law. Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla. 1983). Legislative intent must be determined from the plain language of the statute. St. Petersburg Bank and Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982); Thayer v. State, 335 So.2d 815 (Fla. 1976). The statute is to be taken, construed and applied in the form enacted. Thayer v. State, supra. Section 124.011, F.S. (1984 Supp.), as amended, provides that "a proposition" to be submitted to the electors in the manner provided in the section "shall provide that" five county commissioners shall be elected from single-member districts (s124.011[1][a] "or" the board of county commissioners shall be increased from five to seven members with five elected from single-member districts and two elected at large (s 124.011[1][b]. See, 67 C.J.S. Or, pp. 886-892, stating that
 "the word `or' ordinarily, and in ordinary use and in its accurate primary and natural meaning, is a disjunctive particle, a connective, used to present a choice and imply an election to do one of two things, a coordinating particle. Primarily, `or' marks an alternative, and as ordinarily used it means one or the other of two, but not both, . . . generally corresponding to `either,' which effectively creates a narrow restriction to the selection between one of two alternatives. . . ." [footnotes omitted]
And see, Telophase Society of Florida, Inc. v. State Board of Funeral Directors and Embalmers, 334 So.2d 563 (Fla. 1976), holding that the word "or" when used in a statute is generally to be construed in the disjunctive. It would appear that the only circumstances in which the word "or" as used in a statute can be read in the conjunctive are those in which such reading is required to effectuate the legislative intent "when it is clear that the word `or' is used in the copulative and not in a disjunctive sense." Dotty v. State, 197 So.2d 315, 317 (4 D.C.A.Fla., 1967), citing to Pompano Horse Club, Inc. v. State ex rel. Bryan, 111 So. 801 (Fla. 1927). See also, 67 C.J.S. Or, pp. 892-894 ("or" may be construed as meaning "and" to reconcile an ambiguity, rectify an obvious mistake, or carry out the clear meaning of a party using the word, but it never means "and" unless the context requires such construction). See, e.g., Pinellas County v. Woolley, 189 So.2d 217 (2 D.C.A.Fla., 1966); AGO 76-203.
It would not appear that the context of s 124.011, F.S. (1984 Supp.), as amended, requires the construction of the word "or" in any manner other than its ordinary disjunctive sense, nor do I perceive any ambiguity or obvious mistake in the legislative use of the word "or" in Ch. 84-224, Laws of Florida, creating s124.011. My analysis of the statutory context discloses multiple use of the phrases "a proposition" and "the proposition," referring to a ballot proposal in clearly singular terms, within Ch. 84-224, supra. Compare, s 125.01(y), F.S. (1984 Supp.), authorizing the legislative and governing body of a county to "[p]lace questions or propositions on the ballot . . . so as to obtain an expression of elector sentiment with respect to matters of substantial concern within the county." (e.s.) Thus, I am unable to conclude that it is clear from the context of the statute as a whole that the word "or" should be construed in a conjunctive sense. See also, 29 C.J.S. Elections s 170 (compliance with statutory provisions with respect to placing questions or propositions on the ballot required).
Accordingly, I am of the opinion that s 124.011, F.S. (1984 Supp.), as amended by Ch. 85-80, Laws of Florida, does not permit the Brevard County Board of County Commissioners to adopt a resolution directing the placement of three alternative procedures for the election of county commissioners on the same ballot, since the context of the statute as a whole evinces a legislative intent that the statutory description of alternative ballot propositions relating to the method of election of county commissioners presents a choice and permits either proposition, but not both, to be placed on the ballot in any one election in the manner provided therein.
Finally, with respect to the third alternative procedure proposed in your first question, I find no authority in s 124.011, F.S. (1984 Supp.), permitting the Brevard County Board of County Commissioners to place on the ballot a proposition to continue the election of a five-member board by all electors within the county at large. Moreover, the Legislature's failure to include such an alternative proposition among those authorized by s 124.011 would appear to support the view of that section expressed herein, since the submission of the alternative propositions authorized by that section on the same ballot without offering the alternative of continuing the present method of commissioner election would seem likely to mislead the electorate. Cf., Hill v. Milander,72 So.2d 796 (Fla. 1954), holding that the ballot must advise the voter fairly and sufficiently to enable him intelligently to cast his ballot. Accord, State v. Dade County, 39 So.2d 807 (Fla. 1949).
Accordingly, as your first question is answered in the negative, no response is required to your second question.
Therefore, unless and until legislatively or judicially determined otherwise, I am of the opinion that s 124.011, F.S. (1984 Supp.), as amended, does not permit the Brevard County Board of County Commissioners to adopt a resolution directing the placement of three alternative procedures for the election of county commissioners on the same ballot.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General