Brenda L. Valla Acting General Counsel Sarasota County
QUESTION: 1. Who is responsible for burying a decedent who has known next of kin but whose kin refuse to claim the body? 2. Do ss. 245.06 and 245.07, F.S., apply if the decedent dies with assets or as a non-indigent? 3. How is s. 245.07, F.S., requiring the board of county commissioners to direct some person to take charge of the body and cause it to be buried in accordance with existing rules, laws and practices for disposing of unclaimed bodies, to be interpreted? 4. Who is an indigent person for purposes of s. 245.08, F.S.? 5. Is the Public Administrator, appointed by court order, responsible for administering the estates of decedents who die with assets when there are next of kin but the next of kin refuse to claim the body or assets?
SUMMARY: 1. Upon notification by the Division of Universities, or the State Anatomical Board on its behalf, the county is responsible for burying a decedent when the next of kin refuse to claim the body and are not legally responsible for the burial of the decedent. 2. The responsibility of the county to bury an unclaimed body is not dependent upon the indigency of the decedent. 3. The county should direct that the disposition of unclaimed bodies be performed in a manner consistent with any requirements imposed by statute and by rule for the disposition of such bodies. 4. In the absence of a statutory definition of the term "indigent" for purposes of s. 245.08, F.S., the term would appear to refer to a person who does not have sufficient property or assets to provide for a burial. 5. Any question relating to the interpretation of a court order must be referred to the court issuing the order rather than to this office.
Your inquiry is prompted by a situation which arose in Sarasota County. The decedent was survived by his son who has refused to claim the body or the decedent's personal effects or to petition the probate court for administration of the estate.
You state that the county customarily buries at public expense the bodies of decedents who are indigent. A public administrator has been appointed by the Probate Division of the Circuit Court to initiate administration of the estates of decedents "who die alone and without next of kin or other duly qualified representatives available to attend to the decedent's affairs and conserve his or her property."
AS TO QUESTION 1:
Section 245.06, F.S., requires public officers, employees and agents of a county or municipality and any other person coming into possession or control of a dead human body "which is unclaimed or which is required to be buried at public expense" to notify the Division of Universities (division) of the Department of Education.[1] (e.s) This office has stated that if there is no next of kin, or if the body is unclaimed or is required to be buried at public expense, then the body is to be sent to the division under the authority of s. 245.06, F.S.[2]
Section 245.07, F.S., provides that if the body cannot be used for medical science:
 [T]he division may notify, in writing, the county commissioners of the county where such person died, who shall direct some person to take charge of such body and cause it to be buried in accordance with the already existing rules, laws and practices for disposing of such unclaimed bodies within the confines of the said county.[3]
Pursuant to s. 245.08, F.S., notice of death shall be given to the division in all cases of indigent persons but no body shall be delivered to the division if:[4]
(a) Any relative, by blood or marriage, claims the body for burial at the expense of the relative, in which case the body shall be surrendered to the relative for interment.
(b) Any friend or representative of a fraternal society of which the deceased was a member, or a representative of a charitable or religious organization, or governmental agency which was providing residential care to the indigent person at the time of his death, claims the body for burial at his, its, or their expense.
(c) If the deceased was honorably discharged from the Armed Forces of the United States or the state who served during a period of wartime service, the body is to be buried in accordance with existing laws.
Any body delivered to the division, however, may be claimed by, and surrendered to, a friend or representative of a fraternal society of which the deceased was a member or a representative of any charitable or religious organization after payment to the division for the expenses incurred in obtaining and handling such body or remains.[5] This office has been advised that the division has delegated its duties and responsibilities under the above statutes to the State Anatomical Board (board). Sections 245.06 and 245.07, F.S., therefore, prescribe the procedures for handling bodies which are unclaimed or required to be buried at public expense because of indigency. While the next of kin generally has the right to possession of the body of the decedent for the purpose of burial or other lawful disposition as they may see fit,[6] the right to control the burial "is dependent on the peculiar circumstances of each case, and may be waived by consent or otherwise."[7] I find nothing in the statutes which requires the next of kin to claim a body. Moreover, generally, in the absence of a statute or express contract, a child is not liable for the funeral expenses of a parent.[8]
Accordingly, I am of the opinion that upon notification by the division, or the board on its behalf, the county is responsible for the disposition of an unclaimed body when the next of kin refuses to claim the body and is not legally responsible for the burial of the decedent.
AS TO QUESTION 2:
The public health and welfare requires that dead bodies be disposed of in such a manner as to prevent the spread of disease and other conditions offensive to the public.[9]
Sections 245.06 and 245.07, F.S., provides for the disposition of bodies which are unclaimed or required to be buried at public expense. In referring to unclaimed bodies, the statute does not impose a condition of indigency.[10] Generally, however, the estate of a decedent is liable for the reasonable expenses of his funeral and burial.[11] If the decedent left assets, therefore, the county presumably could proceed against the estate to recover the costs of disposition of the body.[12]
AS TO QUESTION 3:
Section 245.07, F.S., provides that "the county commissioners of the county where such person died, . . . shall direct some person to take charge of such body and cause it to be buried in accordance with the already existing rules, laws and practices for disposing of such unclaimed bodies within the confines of the said county." You ask for clarification as to the rules, laws and practices referred to in s. 245.07, F.S.
In the absence of legislative or judicial clarification, this office can only refer to the terms of the statute itself. Such burials are to be performed in accordance with existing rules, laws and practices for disposing of such unclaimed bodies within the county. As noted supra, Ch. 245, F.S., imposes certain duties and responsibilities regarding the disposition of dead bodies. In addition, other statutes impose certain requirements for the disposition of dead bodies.[13] While Sarasota County customarily buries the bodies of indigents at county expense, you have not advised this office of any procedures adopted by the county for the disposition of unclaimed bodies.
In the absence of legislative or judicial clarification, I am of the opinion that s. 245.07, F.S., would require the county to direct that the burial of unclaimed bodies be performed in a manner consistent with any requirements imposed by statute and by rule for the disposition of such bodies.
AS TO QUESTION 4:
Section 245.08, F.S., does not define the term "indigent." Generally, words used in a statute are to be given their ordinary and plain meaning.[14] The term "indigent" has been defined to mean "one who is needy and poor, or one who has not sufficient property to furnish him a living nor anyone able to support him to whom he is entitled to look for support."[15]
Section 394.4787, F.S., defines the term "indigent" for purposes of the act relating to the procurement of acute mental health services to mean "an individual whose financial status would qualify him as charity care."
In the absence of a definition in s. 245.08, F.S., the term "indigent" should be given its ordinary and commonly understood meaning. Accordingly, until legislative or judicially clarified, I am of the opinion that the term refers to an individual who does not have sufficient property or assets to provide for a burial.
AS TO QUESTION 5:
You ask whether the Public Administrator is responsible for administering estates of decedents who die with assets when there are next of kin but the next of kin refuse to claim the body or the assets. The Public Administrator has been appointed by court order of the circuit court, probate division, for the purpose of protecting and conserving "the property of decedents in Sarasota County who die alone and without next of kin or other duly qualified representatives available to attend to the decedents' affairs and conserve his or her property."[16]
(e.s.)
Questions relating to the interpretation of the court order should be referred to the court rendering the order rather than to this office. However, in those instances where the next of kin refuses to claim the body or assets of the decedent, there would not appear to be next of kin "available to attend to the decedents' affairs and conserve his or her property."
RAB/tjw
[1] Section 245.06, F.S., requires the division make reasonable efforts to determine the identity of the body and to contact any relatives of the deceased person. Committee Substitute for House Bill 689, passed the 1991 Legislature and, if approved by the Governor, would amend s. 245.06, F.S., effective October 1, 1991, to refer to bodies that are unclaimed or which are required to be buried or cremated at public expense.
[2] See, AGO 73-275, which also concluded that if a person claims the body but is unable to pay for funeral expenses, the state or political subdivision thereof is responsible for burial and would decide the disposition of the remains. Cf., AGO 56-303 stating that the state farm colony did not have to transport a body to the state anatomical board if the next of kin are known but are financially unable to pay for the burial but request that the body be buried at farm colony's own cemetery.
[3] See, CS/HB 689, supra, providing that the county shall direct some person to bury or cremate the body. The county is required to make a reasonable effort to determine the identity of the body and to contact any relatives of the deceased person. If a relative is contacted and expresses a preference for either burial or cremation, the county shall make a reasonable effort to accommodate the request of the relative. For purposes of s. 245.07, F.S., the board of county commissioners of the county where the person died is considered to be a "legally authorized person" pursuant to s. 470.002(18), F.S.
[4] If the Department of Health and Rehabilitative Services claim the body of a client under s. 245.08, F.S., the department shall assess burial fees pursuant to s. 402.33, F.S.
[5] Section 245.09, F.S.
[6] See, e.g., Kirksey v. Jernigan, 45 So.2d 188
(Fla. 1950).
[7] Attorney General Opinion 73-275.
[8] See, 67A C.J.S. Parent and Child s. 97.
[9] See, Telophase Society of Florida, Inc. v. State Board of Funeral Directors and Embalmers, 334 So.2d 563 (Fla. 1976). And see, 22A Am.Jur.2d Dead Bodies s. 1; 9 Fla.Jur.2d Cemeteries and Dead Bodies s. 45 (care of dead human bodies and the disposition of them by burial or otherwise have such a relation to the public health that they may be regulated by law).
[10] See, AGO 73-275 (if there are no next of kin but the deceased is not indigent, disposal of the remains may, in appropriate cases, be decided by the executor of the decedent's estate).
[11] See generally, 34 C.J.S. Executors andAdministrators s. 384.
[12] Cf., s. 735.301, F.S., providing for the disposition of personal property without administration; and s.732.107, F.S., providing that if a person leaving an estate dies without being survived by any person entitled to it, the property shall escheat to the state.
[13] See, s. 381.031(1)(g)10., F.S. (Department of Health and Rehabilitative Services responsible for adopting rules regulating disposal of dead bodies); Ch. 470, F.S.
[14] See, St. Petersburg Bank Trust Co. v. Hamm,414 So.2d 1071 (Fla. 1982); Graham v. State, 362 So.2d 924 (Fla. 1978) (generally words in statute should be given their plain and ordinary meaning).
[15] See, Black's Law Dictionary Indigent p. 913 (4th rev. ed. 1968); and see, 42 C.J.S. Indigent p. 1363 (one who is destitute of property or means of comfortable substance and for that reason is needy or in want; proper subject for public assistance).
[16] Order, In re: The Appointment of a Public Administrator for Sarasota County, (12th Jud. Cir. Fla., dated October 23, 1984).