The Honorable Mark Andersen Bay County Supervisor of Elections 205 Mosley Drive Lynn Haven, Florida 32444
Dear Mr. Andersen:
You ask substantially the following question:
What type of events are subject to the reporting requirements of section 111.012, Florida Statutes?
Section 111.012(2)(a), Florida Statutes, governs the conduct of testimonials for elected public officers.[1] "Testimonial" is defined for purposes of section 111.012, Florida Statutes, as "any breakfast, dinner, luncheon, rally, party, reception, or other affair held to honor or raise funds on behalf of any elected public officer, except a campaign fund raiser held pursuant to s. 106.025(1)."[2]
Before a testimonial may be held, a notice of intent to hold the testimonial must be filed by the person in charge of the testimonial with the Division of Elections in the case of a state or multi county district officer or, in the case of other officers, with the supervisor of elections for the county in which the officer resides.[3] In addition, section 111.012(2)(a), Florida Statutes, requires that a testimonial account be established in a depository and a treasurer appointed: "No money or donation may be accepted, nor may any payment be made, with respect to such testimonial until the notice of intent has been filed and the testimonial account has been established and a treasurer has been appointed therefore."
All money and donations received, and all payments made, with respect to the testimonial must be received and made through the treasurer, who is required to keep detailed accounts of all deposits and all payments made.[4] Proceeds from the testimonial remaining after the payment of expenses are to be distributed as provided in the statute:
"All proceeds after payment of the expenses for such testimonial shall be donated to a charity stated in the notice of intent; returned pro rata to each person who purchased a ticket, gave money, or made a donation; or given, in the case of a state officer, to the state to be deposited in the General Revenue Fund or, in the case of an officer of a political subdivision, to the political subdivision to be deposited in the general fund thereof. A report of such disposition of funds shall be made by the person in charge of such testimonial within 90 days from the date the testimonial is held and shall be filed with the officer with whom the notice of intent is filed."[5]
Section 111.012(2)(e) and (f), Florida Statutes, provides that it is a first-degree misdemeanor for any person or officer to hold a testimonial, or consent to a testimonial being held, in violation of subsection (2) of the statute; further, it is a first-degree misdemeanor for any person required to dispose of the funds in a testimonial account to fail to dispose of the funds in the manner prescribed by the statute.
The parameters of section 111.012, Florida Statutes, have not been judicially determined by the appellate courts of this state. The legislative history regarding the adoption of a statute, however, may be used to clarify ambiguity within the statute and to discern legislative intent. In construing a statute, a court will consider its history, the evil to be corrected, the purpose of the enactment, and the state of the law already in existence.[6]
Section 111.012, Florida Statutes, was adopted in 1981 by Chapter 81-304, Laws of Florida. Predecessor statutes relating to testimonials referred to affairs at which funds were raised. For example, section 99.193, Florida Statutes (1977), defined "testimonial affair" to mean "an affair held in honor of a person who holds, or who is or was a candidate for nomination or election to, a political office in this state, designed to raise funds on his behalf for any purpose not charitable, religious, or educational."[7]
Section 99.193 was replaced by section 106.025, Florida Statutes (1978 Supplement), which provided that no testimonial could be held for the purpose of raising funds to be used in a campaign for public office or nomination or election thereto unless written notice of the intent to hold such a testimonial was filed with the appropriate officials.[8]
"Testimonial" was generally defined in section 106.011(11), Florida Statutes (1978 Supplement), to mean "any breakfast, dinner, luncheon, rally, party, reception, or other affair held to raise funds for any purpose." In 1981, Chapter 81-304, Laws of Florida, created section 111.012, Florida Statutes.[9]
While these predecessor statutes clearly limited testimonials to those that raised funds, the current statute, by defining testimonials to include affairs that "honor or raise funds," is not as clear. An examination of the legislative history failed to reveal whether the Legislature intended by the use of such language to expand the application of the statute to include any affair honoring a public official where no funds were raised. The staff analysis discussing the amendment merely states:
"Provides procedures for testimonials to be held to honor or raise funds on behalf of any elected public officer except campaign fund raisers. No contribution limits are established. Testimonials for public officers are removed from Chapter 106 and placed in Chapter 111 which also contains gift reporting provisions."[10]
As noted above, the term "testimonial" is defined for purposes of section111.012, Florida Statutes, as "any breakfast, dinner, luncheon, rally, party, reception, or other affair held to honor or raise funds on behalf of any elected public officer, except a campaign fund raiser held pursuant to s. 106.025(1)." (e.s.) While the term "or other affair" would refer to the type of events that are similar in nature and character to those specifically enumerated in the statute,[11] the definition does not, like its predecessors, limit its terms to fund raisers. Other provisions of the statute, however, relate to the acceptance of funds.[12]
For example, section 111.012(2)(b), Florida Statutes, states that the notice of the testimonial required to be filed must state, among other things, the purpose for which the funds raised are to be used.
Thus, while section 111.012, Florida Statutes, refers to affairs to honoror raise funds,[13] I cannot conclude that the Legislature intended to encompass all events honoring a public official where no funds are being raised or payments made to attend. To read the statute so broadly could result in, for example, birthday parties held by family members for an elected public official being subject to the statute.
Accordingly, in the absence of clear expression of legislative intent and in light of the criminal penalties imposed for violation of the statute, I am of the opinion that legislative clarification should be sought to determine whether the provisions of section 111.012, Florida Statutes, apply to those affairs held in honor of an elected public official when no funds are raised at such event.
Sincerely,
Charlie Crist Attorney General
[1] See, s. 111.012(1)(b), Fla. Stat., defining "Elected public officer" to mean "any individual holding an elective state, county, municipal, or school or other district office or position."
[2] Section 111.012(1)(a), Fla. Stat.
[3] See, s. 111.012(2)(a) and (b), Fla. Stat. The notice must state the date and place the testimonial is to be held, the name and address of the person or persons in charge of the testimonial, the name and address of the officer in whose honor or on whose behalf the testimonial is to be held, the purpose for which the testimonial is to be held and the purpose for which the funds are to be used.
[4] Section 111.012(2)(c), Fla. Stat.
[5] Section 111.012(2)(d), Fla. Stat. The report must contain the full name and address of each person who purchases one or more tickets or gives any money or donation with respect to such testimonial, together with the amount and date thereof, and the full name and address of each person, charity, or unit of government to whom any payment for expenses or disposition of funds is made with respect to such testimonial, together with the date and amount thereof and the purpose therefor. And see, Op. Att'y Gen. Fla. 88-17 (1988), stating that an elected public officer is prohibited from receiving funds for that officer's personal use from any testimonial as defined by the statute.
[6] See, e.g., Smith v. Ryan, 39 So.2d 281 (Fla. 1949); State Board ofAccountancy v. Webb, 51 So.2d 296 (Fla. 1951); DeBolt v. Department ofHealth and Rehabilitative Services, 427 So.2d 221, 222 (Fla. 1st DCA 1983); Ops. Att'y Gen. Fla. 99-61 (1999) (in construing statute, court will consider its history, the evil to be corrected, the purpose of the enactment, and the state of the law already in existence); 98-82 (1998).
[7] Section 99.193(1), Fla. Stat. (1977). The statute required a notice of intent to be filed with the Secretary of State as well as a report of the contributors and amounts, expenses incurred and disposition of funds. See, s. 99.193(2) and (3), Fla. Stat. (1977). Cf., s. 111.011(1)(c), Fla. Stat. (1987), which required elected public officers to report payments to a dinner, barbecue, fish fry or other such event when payments to such events exceed twenty-five dollars in amount but which recognized an exception for bona fide gifts to the officeholder by a relative.
[8] See, ss. 66 and 67, Ch. 77-175, Laws of Florida, repealing, among others, s. 99.193, effective January 1, 1978). And see, s. 40, Ch. 77-175, Laws of Florida, creating s. 106.025, Fla. Stat. (1978 Supplement).
[9] Section 34, Ch. 81-304, Laws of Florida. And see, s. 22, Ch. 81-304, Laws of Florida, amending s. 106.011(11), Fla. Stat., which had defined "Testimonial" to "Campaign fund raiser."
[10] Senate Staff Analysis and Economic Impact Statement on SB 479, dated June 11, 1981, p. 6.
[11] See, e.g., City of West Palm Beach v. Board of Trustees of theInternal Improvement Trust Fund, 746 So.2d 1085 (Fla. 1999) (where statute first uses terms confined and limited to a particular class of a known species of things and later uses a broader term, the more general word is construed as applying to the same kind of species with those comprehended by the preceding limited and confined terms); Green v.State, 604 So.2d 471, 472 (Fla. 1992) (under doctrine that enumeration of specific things followed by some more general word limits general word to things of the same kind or species as those specifically enumerated); Ops. Att'y Gen. Fla. 99-32 (1999) and 97-36 (1997) (general term "other structures" may be interpreted to include facilities comparable to or in the same class as those enumerated).
[12] And see, s. 111.012(2)(a), Fla. Stat. (no money or donation may be accepted until the notice of intent has been filed and the testimonial account has been established and a treasurer appointed); s. 111.012(2)(c), Fla. Stat. (all money and donations received with respect to such testimonial shall be received and made only through the appointed treasurer); s. 111.012(2)(d), Fla. Stat. (permissible use of proceeds after payment of expenses).
[13] Compare, Sparkman v. McClure, 498 So.2d 892 (Fla. 1986); TelophaseSociety of Florida, Inc. v. State Board of Funeral Directors andEmbalmers, 334 So.2d 563, 564 (Fla. 1976) (use of the term "or" in statute is generally construed to be disjunctive, indicating that alternatives were intended), with Suddath Van Lines, Inc. v. State,Department of Environmental Protection, 668 So.2d 209, 210 (Fla. 1st DCA 1996) (term "or" may be interpreted as a conjunctive when necessary to effectuate the legislative intent).